IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHANE ELLZEY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFF HURT D/B/A SOUTHWEST CREDIT SYSTEMS, L.P., | ) |
| and AFNI, INC., | ) |
|     Defendants. | ) |

**COMPLAINT**

Plaintiff Zhane Ellzey, by her counsel, Paúl Camarena, respectfully complains as follows:

**Introduction.**

1) The Fair Debt Collection Practices Act and its progeny prohibit a debt collector from continuing to call a consumer after the consumer requests the debt collector to stop. Debt Collector-Defendant Jeff Hurt and Debt Collector-Defendant Afni, Inc. continued to call Ms. Ellzey about a Comcast account even after she asked them to stop. Thus, Defendant Jeff Hurt and Defendant Afni have violated the FDCPA.

**Jurisdiction and Venue.**

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because it arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

**Parties.**

3) Plaintiff Zhane Ellzey is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3). Zhane Ellzey also resides within the Eastern Division.

4) Defendant Jeff Hurt is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

5) Defendant Jeff Hurt is a principal of Southwest Credit Systems, L.P.

6) Southwest Credit Systems, L.P. is a Limited Partnership organized in the State of Texas.

7) Southwest Credit Systems, L.P. transacts business in the State of Illinois.

8) Southwest Credit Systems, L.P. is not registered with the State of Illinois.

9) Southwest Credit Systems, L.P. is not a legal entity in Illinois and, hence, Southwest Credit Systems operates through its principal (Jeff Hurt) in Illinois.

10) Defendant Afni is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6). Defendant Afni is also a corporation incorporated and headquartered in Illinois.

**Factual Allegations.**

11) Like millions of other Americans, Zhane Ellzey has incurred significant consumer debts, she has struggled to service all of her consumer debts, and she eventually became delinquent with respect to some consumer debts, including a consumer debt to Comcast.

12) Upon information and belief, Comcast contracted Debt Collector-Defendant Jeff Hurt d/b/a Southwest Credit Systems to attempt to collect from Ms. Ellzey.

13) Defendant Jeff Hurt has placed numerous telephone calls to Ms. Ellzey.

14) Upon information and belief, although Defendant Jeff Hurt places telephone calls exclusively from the 469 area code, the Defendant has caused different area codes to appear on Ms. Ellzey's caller I.D. system, so as to trick Ms. Ellzey into answering.

15) Ms. Ellzey has requested that Defendant Jeff Hurt stop calling her.

16) Despite Ms. Ellzey's request, Defendant Jeff Hurt continued to place telephone calls to her.

17) Defendant Jeff Hurt eventually abandoned his collection efforts with respect to Ms. Ellzey and, upon information and belief, Comcast contracted Defendant Afni, Inc. to attempt to collect from Ms. Ellzey.

18) Defendant Afni has placed numerous telephone calls to Ms. Ellzey.

19) Upon information and belief, although Defendant Afni places telephone calls exclusively from the 309 area code, the Defendant has caused different area codes to appear on Ms. Ellzey's caller I.D. system, so as to trick Ms. Ellzey into answering.

20) Ms. Ellzey has requested that Defendant Afni stop calling her.

21) Despite Ms. Ellzey's request, Defendant Afni continued to place telephone calls to her.

22) Defendant Jeff Hurt's and Defendant Afni's tricking of Ms. Ellzey and their continuing telephone calls have caused injury to Ms. Ellzey because these actions and omissions have caused Ms. Ellzey, *inter alia*, to have to pause her work to accept phone calls while she was self-employed.

## Causes of Action.

Count One (as to Defendant Jeff Hurt)
15 U.S.C. § 1692d(5)

23) 15 U.S.C. § 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person." Subsection 1692d(5) specifically prohibits "engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass." When "assessing whether a defendant's phone calls were harassing under § 1692d(5)," evidence includes "where a plaintiff has shown that [s]he asked the collection agency to stop calling ... and the collection agency nevertheless continued." *Kayyal v.*

*Enhanced Recovery Company*, L.L.C., 17 cv 2718 (N.Dist.Ill. 2019), D.E. 75, pp. 4 – 5.

24) Defendant Jeff Hurt violated Subsection 1692d(5) by continuing to call Ms. Ellzey despite her request to stop calling.

Count Two (as to Defendant Jeff Hurt)
<u>Count Three  (15 U.S.C. § 1692e)</u>

25) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26) Defendant Jeff Hurt violated Section 1692e by using false, deceptive, or misleading representations by placing telephone calls exclusively from the 469 area code, but causing different area codes to appear on Ms. Ellzey's caller I.D. system, so as to trick her into answering.

Count Three (as to Defendant Afni)
<u>15 U.S.C. § 1692d(5)</u>

27) 15 U.S.C. § 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."  Subsection 1692d(5) specifically prohibits "engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass."  When "assessing whether a defendant's phone calls were harassing under § 1692d(5)," evidence includes "where a plaintiff has shown that [s]he asked the collection agency to stop calling ... and the collection agency nevertheless continued."  *Kayyal v. Enhanced Recovery Company*, L.L.C., 17 cv 2718 (N.Dist.Ill. 2019), D.E. 75, pp. 4 – 5.

28) Defendant Afni violated Subsection 1692d(5) by continuing to call Ms. Ellzey despite her request to stop calling.

Count Four (as to Defendant Afni)
15 U.S.C. § 1692e

29) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30) Defendant Afni violated Section 1692e by using false, deceptive, or misleading representations by placing telephone calls exclusively from the 309 area code, but causing different area codes to appear on Ms. Ellzey's caller I.D. system, so as to trick her into answering.

**Prayer for Relief.**

WHEREFORE, Zhane Ellzey respectfully requests that this Court hold a trial by jury and that this Court will enter judgment in her favor (and against Defendant Jeff Hurt and Defendant Afni) for her actual and statutory damages, including reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

      Respectfully submitted,
      Plaintiff's, Zhane Ellzey's, Counsel
      North & Sedgwick, L.L.C.
by:   */s/ Paúl Camarena*      .
      Paúl Camarena, Esq.
      500 So. Clinton, No. 132
      Chicago, IL 60607
      paulcamarena@paulcamarena.com
      (312) 493-7494